## /UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Kevan Turner,
    Petitioner

vs.

Warden, Noble Correctional
Institution,
    Respondent

Case No. 1:08cv309
(Spiegel, S.J.; Black, M.J.)

## REPORT AND RECOMMENDATION

Petitioner, an inmate at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). This matter is before the Court on petitioner's motion "for stay of proceedings pending appeal presently before Ohio Supreme Court" (Doc. 9), which respondent opposes (Doc. 10). Also pending before the Court for ruling is respondent's motion to dismiss the petition on exhaustion grounds (Doc. 11), and petitioner's "traverse" in response to the motion to dismiss (Doc. 12).

As an initial matter, it appears that petitioner's motion for stay (Doc. 9) is moot. Upon review of the state supreme court's on-line docket records, it appears that the Supreme Court of Ohio issued a final ruling on October 29, 2008 in the "pending appeal" referred to by petitioner in his motion for stay; specifically, in the October 29, 2008 Entry, the court denied petitioner leave to appeal and

summarily dismissed the appeal "as not involving any substantial constitutional question." Therefore, it is **RECOMMENDED** that petitioner's motion for stay (Doc. 9) be **DENIED** as moot, which leaves only respondent's motion to dismiss (Doc. 11) for the Court's consideration.

## Procedural Background

On June 5, 2006, the Hamilton County, Ohio, grand jury returned an eight-count indictment charging petitioner with six counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A) and attached firearm specifications;[1] having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3); and improperly handling firearms in a motor vehicle in violation of Ohio Rev. Code § 2923.16(A). (*See* Doc. 11, Ex. 1).

On September 11, 2006, petitioner entered a guilty plea to three felonious assault charges (Counts 1, 3, 5) and a specification requiring a mandatory prison term of five years in exchange for the dismissal of the remaining charges and specifications. (*Id.,* Ex. 2; *see also* Ex. 3). In the filed guilty plea entry executed by petitioner and counsel, petitioner stated that he understood and acknowledged "that I have agreed with the prosecution on a potential sentence, to wit: 11 years ODC (2 years consecutive on each ct 1, 5 & 3 + 5 year gun spec of CT 1) minus credit served." (*Id.,* Ex. 2). He also stated: "I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence." (*Id.*).

On September 11, 2006, petitioner was sentenced in accordance with the plea agreement entered the same date to an aggregate prison term of 11 years, with credit for time served. (*Id.,* Ex. 5).

Petitioner did not perfect a timely appeal from the trial court's judgment entry. On February 7, 2007, he filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate

---

[1] Specifically, petitioner was charged with committing felonious assault offenses against victims Walter Monroe, Jr. (Counts 1 and 2); Walter Monroe, Sr. (Counts 3 and 4); and Victor Monroe (Counts 5 and 6). (*See* Doc. 11, Ex. 1).

District. (*Id.,* Exs. 6-7). He averred as "cause" for his delay in filing that "I was not told by the trial court of my right to appeal, procedures and time limits involved in proceeding with the appeal, and right to have counsel appointed for assistance of appeal." (*Id.,* Ex. 7). He further averred: "I did not have personal knowledge of those rights," and "only became aware [of them] recently when a clerk in the law library told me." (*Id.*).

On February 28, 2007, the Ohio Court of Appeals overruled petitioner's motion for delayed appeal, stating that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right" and that, "[i]n addition, there was an agreed sentence [see R.C. 2953.08(D)]." (*Id.,* Ex. 9).

Petitioner filed a motion for reconsideration and contended in the motion that the trial court failed to inform him that "he was giving up his right to appeal" by entering into a plea bargain for an agreed sentence; that he "did not stipulate to the relevant facts to enhance his sentence" as required under *Blakely v. Washington,* 542 U.S. 296 (2004); and that the retroactive application of *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), to his conviction and sentence "violates the ex post facto clauses of the Ohio and U.S. Constitution[s]." (*Id.,* Ex. 10). On April 18, 2007, the Court of Appeals overruled the motion for reconsideration without opinion. (*Id.,* Ex. 11).

Petitioner filed a timely *pro se* notice of appeal and memorandum in support of jurisdiction to the Supreme Court of Ohio. (*Id.,* Exs. 12-13). He asserted as propositions of law that (1) he was denied equal protection and due process "when the trial court failed to notify [him] of his right to appeal;" (2) he was denied equal protection and due process "when the state appellate court refused to hear his delayed appeal;" and (3) the application of the state supreme court's *Foster* decision to his case "violates the Ex Post Facto Clauses to the Ohio and U.S. Constitution[s]." (*Id.,* Ex. 13). On August 29, 2007, the Supreme Court of Ohio denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 14).

Over eight months later, on May 2, 2008, petitioner filed a second *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District. (*Id.,* Exs. 15-16). In the delayed appeal motion,

3

petitioner did not provide any reasons for his delay in filing;[2] instead, he alleged that his trial counsel was ineffective and his guilty plea was involuntary, essentially because "no one informed or advised [petitioner] that by pleading guilty to a[n] Eleven (11) year prison term, he [wa]s ineligible for Judicial Release or Community Control Sanctions throughout the enti[re] Eleven (11) year prison term, [or] that the charges he plead[ed] guilty to were allied offenses of similar import." *(Id.,* Ex. 16).

On May 28, 2008, the Court of Appeals denied the motion for delayed appeal on the ground that petitioner "has failed to provide sufficient reasons for failure to perfect an appeal as of right." *(Id.,* Ex. 18).

Petitioner appealed to the Supreme Court of Ohio, asserting as the sole proposition of law that:

Motion for leave to file a delayed appeal pursuant to App.R. 5[A] from judgment and conviction based on claim of ineffective assistance of trial counsel should be granted when Appellant shows a genuine issue exist[s] as to ineffective assistance of trial counsel when trial court, prosecution and counsel fails to advise Appellant before acceptance of guilty pleas he is ineligible for judicial release or community control sanctions and trial court[']s failure to run allied offenses of similar import[] concurrently when imposing sentence.

*(Id.,* Ex. 20). As discussed above, *see supra* p. 1, it appears from the state supreme court's on-line docket records that on October 29, 2008, the Supreme Court of Ohio denied petitioner leave to appeal and summarily dismissed the appeal "as not

---

[2] Petitioner has submitted as an exhibit to his "traverse" in reply to the motion to dismiss, a copy of an affidavit notarized on April 28, 2008, wherein petitioner averred that he informed his "appointed counsel that [he] wish[ed] to appeal at the sentencing hearing," and that "counsel failed to file the notice of appeal as requested" and failed to respond to petitioner's "numerous" letters "concerning an appeal." (Doc. 12, Ex. 2). It is unclear from the present record, however, whether this affidavit was actually included in petitioner's pleadings filed with the Ohio Court of Appeals on May 2, 2008. In any event, the assertions contained in the affidavit directly contradict petitioner's sworn affidavit in support of his first motion for delayed appeal, wherein petitioner averred that he was never informed of his right to an appeal and only belatedly learned of his appellate rights after the time for filing an appeal as of right had expired.

4

involving any substantial constitutional question."

The instant petition, which petitioner declares was placed in the prison mailing system on April 30, 2008, was first "received" by the Clerk of Court on May 5, 2008 and was "filed" on June 16, 2008. (Doc. 4). In this pleading, petitioner asserts four grounds for relief:

**Ground One:** Petitioner was denied due process when petitioner's lawyer would not make himself available to consult with petitioner about an appeal.

**Supporting Facts:** Petitioner wished to appeal his sentence[;] however, counsel would not speak [to] or write appellant after the sentencing phase.

**Ground Two:** Petitioner was denied due process when the appellate court denied his delayed appeal.

**Ground Three:** Petitioner's conviction violates the Ex Post Facto Clause [based on the retroactive application of the Supreme Court of Ohio's *Foster* decision].

**Ground Four:** Petitioner['s] sentence[s] should have run concurrent[ly] as oppose[d] to consecutive[ly] [because the offenses occur[r]ed in one instant with the same a[ni]mus].

(Doc. 4, pp. 6-7, 9-10).

Respondent filed the motion to dismiss presently pending before the Court on August 26, 2008. (Doc. 11). Respondent contends that the petition should be dismissed because petitioner "has failed to exhaust his state court remedies with respect to his first ground for relief asserting that his counsel refused to consult with him concerning an appeal." (*Id.,* p. 5). Respondent points out that the specific claim was never raised by petitioner in either of his delayed appeal motions, and that in any event, to the extent the claim is based on evidence outside the record, the appropriate remedy is a petition for post-conviction relief. (*Id.,* pp. 5-7). Respondent argues that although the Ohio legislature has set a deadline for

filing post-conviction petitions, which has long since expired, the state post-conviction remedy "may be available" for petitioner to pursue the ineffective assistance of counsel claim under Ohio Rev. Code § 2953.21(A)(2), which permits the consideration of untimely petitions in certain circumstances. (*Id.,* p. 7).

Petitioner has filed a "traverse" in response to respondent's motion to dismiss. (Doc. 12). Without addressing the specific exhaustion issue raised in the motion to dismiss, petitioner contends generally that his claims were fairly presented to the state courts and thus not barred from review as procedurally defaulted. (*Id.,* pp. 4-5). He also has moved to consolidate his grounds for relief for purposes of arguing their merits and seeks to add the following claim as a fifth ground for relief:

> Petitioner was denied due process when the trial court or anyone else failed to advise that he was ineligible for judicial release[;] thus, counsel had a duty to advise petitioner of the maximum penalties involved and the consequences of entering one or more plea, thus denying petitioner effective assistance as guaranteed him by the Sixth Amendment.

(*Id.,* pp. 3-4, 5-7).

## OPINION

### A. The Motion To Dismiss On Exhaustion Grounds (Doc. 11) Should Be Denied, And Instead, The "Unexhausted" Claim Alleged In Ground One Should Be Dismissed With Prejudice Because It Clearly Lacks Merit

Respondent has moved to dismiss the petition without prejudice so that petitioner can pursue the arguably available remedy of a petition for state post-conviction relief based on his claim alleged in Ground One that his trial counsel was ineffective in failing to assist him in perfecting an appeal as of right. (Doc. 11).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an

absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Although there is a strong presumption in favor of requiring the exhaustion of available state court remedies, the requirement is not jurisdictional and may be excused under certain circumstances –*i.e.*, in cases where the unexhausted claims are plainly meritless, or the petition does not even raise a colorable federal claim, and it therefore is in the interests of the parties and judicial economy to promptly address the merits of the petition. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). Moreover, 28 U.S.C. § 2254(b)(2) expressly provides that an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies.

Here, the undersigned is convinced that it would be futile to require petitioner to exhaust the arguably available state post-conviction remedy suggested by respondent.

First, petitioner faces an insurmountable hurdle in obtaining state post-conviction review at this late juncture of the claim alleged in Ground One of the petition. Under Ohio Rev. Code § 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days after the 30-day period for filing a timely appeal has expired. Although the court may consider a petition after the 180-day deadline has passed, review will be allowed in this case only if (1) petitioner can show that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief;" *and* (2) petitioner can show by clear and convincing evidence, that but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted." Ohio Rev. Code § 2953.23(A)(1).

In this case, the 180-day deadline for filing a timely post-conviction petition

7

expired nearly two years ago in April 2007. Petitioner filed his first motion for delayed appeal in February 2007 prior to the expiration of the 180-day filing deadline. By then, he should have known the facts underlying the claim alleged in Ground One stemming from counsel's failure to consult with him about perfecting an appeal as of right. In any event, he certainly is unable to explain why he failed to raise the claim alleged in Ground One as "cause" for his delay in seeking an appeal in the state courts or in seeking state post-conviction relief at this late juncture.[3]

Second, most importantly, even assuming, *arguendo*, that petitioner could obtain state post-conviction consideration of his claim at this time, the exhaustion requirement should be excused because the claim of error alleged in Ground One simply lacks any credibility, and it therefore is in the interests of the parties and judicial economy to promptly address the claim. *See Granberry*, 481 U.S. at 131; *see also* 28 U.S.C. § 2254(b)(2).

In the affidavit he submitted in support of his first motion for delayed appeal filed in February 2007, petitioner expressly averred that he had not been informed of his right to an appeal, the "procedures and time limits involved in proceeding with the appeal," or his right to the assistance of counsel on appeal; and that he "did not have personal knowledge of those rights" until only "recently" after the time for perfecting an appeal as of right had expired. (Doc. 11, Ex. 7). Petitioner's allegation that he asked counsel to file an appeal on his behalf, or sought to consult with counsel about pursuing an appeal of right, simply strains credulity in light of petitioner's statements in the February 2007 affidavit to the effect that he was not even aware he had a right to an appeal at that time.

Indeed, it appears from the record that petitioner did not raise any claim even remotely suggesting that his trial counsel was ineffective in failing to assist him in perfecting an appeal, until over a year later, in another affidavit notarized

---

[3] Petitioner has submitted an affidavit notarized on April 28, 2008 containing the allegations of ineffectiveness by his trial counsel that are set forth in Ground One. (Doc. 12, Ex. 2). It is unclear from the record whether this affidavit actually was submitted to the state courts for consideration when petitioner filed his second motion for delayed appeal in May 2008. *See supra* p. 4 n.2. However, even assuming, *arguendo*, that the affidavit was included in those pleadings, petitioner has not explained his over one-year delay after the filing of his first delayed appeal motion in bringing this claim to the state courts' attention.

on April 28, 2008. *See supra* p. 4 n.2. The statements contained in that later affidavit directly contradict petitioner's assertions in his February 2007 affidavit, and carry little if any weight. (*See* Doc. 12, Ex. 2). Other than the April 2008 affidavit, petitioner has submitted no evidence either to the state courts or to this Court in support of his later, self-contradictory position that he either asked counsel to file an appeal on his behalf or sought to consult with counsel about perfecting an appeal as of right. Moreover, petitioner has not provided any explanation why he waited until over a year and one-half after the time for filing a direct appeal had expired to make any such allegation for the first time.

Accordingly, in sum, the undersigned concludes that respondent's motion to dismiss the petition without prejudice (Doc. 11), so that petitioner can pursue a futile state post-conviction remedy for a clearly meritless claim lacking any credibility or evidentiary support, should be denied. Instead, petitioner's claim for relief alleged in Ground One of the petition should be dismissed with prejudice on the ground that it plainly lacks merit.

## B. The Entire Petition Should Be Dismissed Because The Three Remaining Claims Alleged In The Petition Plainly Lack Merit, And Petitioner Has Waived The Fifth Claim He Seeks To Add As A Ground For Relief

Upon review of the record in addressing respondent's motion to dismiss, it became clear to the undersigned that petitioner's remaining grounds for relief alleged in the petition and in the "traverse" filed in response to the motion to dismiss are also subject to dismissal with prejudice.

In Ground Two of the petition, petitioner alleges that he was denied due process when the Ohio Court of Appeals denied his motions for delayed appeal. He essentially contends in this ground for relief that he was denied his constitutional right of appeal because the trial court failed to notify him that he had such a right to exercise. (*See* Doc. 4, p. 7). The record belies this claim.

In the written plea entry executed by petitioner, petitioner stated that he understood he had "the right to appeal a maximum sentence, my other limited appellate rights, *and that any appeal must be filed within 30 days of my sentence.*" (Doc. 11, Ex. 2) (emphasis added). Petitioner also averred that he had read the

9

plea form containing the statement regarding his understanding of his appeal rights, and "knowingly, voluntarily and intelligently enter this guilty plea." (*Id.*).

Therefore, the record establishes that, contrary to petitioner's contention in Ground Two, petitioner was informed prior to entering his guilty plea of his rights on appeal, which were indeed "limited" to the extent that he had entered a guilty plea to an agreed sentence that was in fact imposed,[4] and that he had to exercise those rights by filing an appeal within 30 days of sentencing. Because petitioner thus knew when he entered his guilty plea that he had a right to an appeal, which he had to exercise within 30 days of sentencing, no cognizable constitutional concerns are triggered by the state appellate court's discretionary decision to deny his delayed appeal motions. *See Granger v. Hurt,* 215 Fed.Appx. 485, 494-95 (6th Cir. Feb. 8, 2007) (not published in Federal Reporter) (Ohio appellate court's discretionary decision to deny delayed appeal motion that was properly filed under Ohio R. App. P. 5 does not amount to constitutional error subject to federal habeas corpus review); *Neff v. Brunsman,* No. 1:06cv135, 2008 WL 2169392, at *3, *8-9

---

[4] As the Ohio Court of Appeals understood in denying petitioner's first delayed appeal motion (*see* Doc. 11, Ex. 9), petitioner was prohibited by Ohio Rev. Code § 2953.08(D) from appealing his agreed-to sentence, which fell within the statutory range, unless it was not "authorized by law." *See Rockwell v. Hudson,* No. 5:06cv391, 2007 WL 892985, at *6 (N.D. Ohio Mar. 21, 2007) (unpublished) (citing *State v. Mathis,* 846 N.E.2d 1, 6 (Ohio 2006); *State v. Porterfield,* 829 N.E.2d 690, 691 (Ohio 2005) (syllabus)); *Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (Smith, J.) (unpublished) (and numerous cases cited therein); *see also Chatman v. Wolfe,* No. 1:06cv280, 2007 WL 2852341, at *5-8 (S.D. Ohio Oct. 1, 2007) (Barrett, J.; Black, M.J.) (unpublished); *cf. Espinal v. Warden, Noble Corr. Instit.,* No. 1:05cv812, 2007 WL 1288175, at *9-10 (S.D. Ohio May 1, 2007) (Dlott, J.; Hogan, M.J.) (unpublished) (rejecting claims challenging agreed-to sentence under plea bargain that was entered voluntarily and knowingly). To the extent petitioner suggests in Ground Three that a sentence jointly agreed-to under the terms of a plea bargain is "not authorized by law" based on *Blakely* or *Foster,* this Court has rejected any such argument in other analogous cases. *See, e.g., Taylor v. Warden, Ross Corr. Instit.,* No. 1:07cv860, 2009 WL 335278, at *12 n.5 (S.D. Ohio Feb. 10, 2009) (Spiegel, S.J.; Hogan, M.J.) (unpublished) (and numerous cases cited therein).

(S.D. Ohio May 21, 2008) (Spiegel, S.J.; Black, M.J.) (unpublished).[5]

In Ground Three, petitioner alleges that the retroactive application of the Supreme Court of Ohio's *Foster* decision to his case violates the Constitution's Ex Post Facto Clause. This claim is plainly lacking in merit for two reasons.

First, contrary to petitioner's contention, the trial court in this case sentenced petitioner in accordance with the parties' plea agreement, and therefore did not apply *Foster* in determining petitioner's sentence. *Cf. Gaskins v. Warden, Lebanon Corr. Instit.,* No. 1:07cv790, 2008 WL 5521362, at *1, *6 (S.D. Ohio Oct. 29, 2008) (unpublished) (Spiegel, S.J.; Black, M.J.) (unpublished).[6] Indeed, petitioner is unable to even argue that his sentence was imposed in violation of his constitutional rights under *Blakely* and *Foster,* because the court "did not base the sentence on factual findings, but rather accepted and imposed the jointly recommended sentence which was presented by the parties." *Rockwell v. Hudson,* No. 5:06cv391, 2007 WL 892985, at *7 (N.D. Ohio Mar. 21, 2007) (unpublished) (and state case citations therein); *Chatman v. Wolfe,* No. 1:06cv280, 2007 WL 2852341, at *6-8 (S.D. Ohio Oct. 1, 2007) (Barrett, J.; Black, M.J.) (unpublished) (and cases cited therein) (holding, among other things, that *Blakely* is inapplicable to an "agreed-to sentence authorized by Ohio law" because such a sentence does "not require any additional fact-finding by the sentencing judge").

Second, even assuming *Foster* were applicable in this case, both the federal courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision. *See, e.g., Hooks v. Sheets,* No. 1:07cv520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (Beckwith, C.J.; Hogan, M.J.) (unpublished); *see also Gaskins,*

---

[5] *Cf. Lawhun v. Jeffries,* No. 1:05cv2491, 2006 WL 1982869, (N.D. Ohio July 13, 2006) (O'Malley, J.) (unpublished) (because the petitioner was not seeking an appeal as of right, but rather a discretionary appeal under Ohio R. App. P. 5, "his claim that his due process rights were violated due to lack of counsel in perfecting his delayed appeal is without merit"); *see also Wolfe v. Randle,* 267 F.Supp.2d 743, 747 (S.D. Ohio 2003) (Spiegel, S.J.) (while holding that "due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected," the court acknowledged that "a defendant is not necessarily denied a constitutional right when a state court denies a request for a delayed appeal").

[6] It appears from the Westlaw citation for *Gaskins* that the Report and Recommendation filed on October 29, 2008 was adopted in an Opinion and Order issued on January 20, 2009.

*supra,* 2008 WL 5521362, at \*6 n.4 (and cases cited therein); *Rettig v. Jefferys,* 557 F.Supp.2d 830, 841 (N.D. Ohio 2008) (citing Ohio cases); *cf. Shie v. Smith,* No. 1:08cv194, 2009 WL 385617, at \*5-6 (N.D. Ohio Feb. 13, 2009) (unpublished).

In his fourth ground for relief, petitioner alleges that he should not have been subjected to consecutive sentences because his felonious assault convictions were "allied offenses of similar import." Under Ohio Rev. Code § 2941.25(A), offenses involving the "same conduct" by the defendant must be merged for sentencing purposes. However, it is well-settled in Ohio that, where a defendant commits a single act and is charged with two or more offenses that involve different victims, the offenses are not allied offenses of similar import but are offenses of dissimilar import. *State v. Franklin,* 776 N.E.2d 26, 41 (Ohio 2002) (multiple arson convictions upheld in case involving one fire, but six victims); *State v. Smith,* 684 N.E.2d 668, 694 (Ohio 1997) (convictions on two counts of aggravated robbery were upheld in case involving one robbery where injury was inflicted on two victims); *State v. Jones,* 480 N.E.2d 408 (Ohio 1985) (upholding separate aggravated vehicular homicide convictions for each person killed as a result of a single instance of reckless operation); *cf. State v. Madaris,* 805 N.E.2d 150, 156 (Ohio Ct. App. 1 Dist.) (cumulative punishments permissible for two robbery offenses "separately committed upon separate victims"), *appeal dismissed,* 809 N.E.2d 1159 (Ohio 2004).

Here petitioner was convicted and sentenced for three separate felonious assault offenses committed against three different victims during one shooting incident. Contrary to petitioner's contention, the offenses were not allied offenses of similar import, and petitioner therefore is unable to prevail on his claim alleged in Ground Four challenging the imposition of consecutive sentences, which he in any event, had agreed could be imposed under the terms of the parties' plea agreement.

Finally, petitioner seeks to add as a fifth ground for relief a claim challenging his guilty plea, which he belatedly raised in his second motion for delayed appeal filed on May 2, 2008 with the Ohio Court of Appeals, well over a year and one-half after he entered his guilty plea and was sentenced. The Ohio Court of Appeals denied the delayed appeal motion because petitioner had not provided "sufficient reasons for failure to perfect an appeal as of right," and the

Supreme Court of Ohio further denied petitioner leave to appeal from the Court of Appeals' ruling. (*See* Doc. 11, Ex. 20; *see supra* pp. 1, 4).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted the claim he seeks to add as a fifth ground for habeas relief because he failed to raise it in a timely manner to the

Ohio Court of Appeals and the state appellate court refused to consider the claim based on that procedural ground.

It is well-settled that on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

Moreover, such a procedural default does not bar consideration of the federal claim unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

Here, the Ohio Court of Appeals was the last (and only) state court to issue a reasoned decision addressing petitioner' second motion for delayed appeal, wherein petitioner first raised the claim challenging the validity of his guilty plea. The state appellate court relied on a firmly established and regularly followed state practice in dismissing the appeal on the ground that petitioner had not provided sufficient reasons to justify his delay in filing. (*See* Doc. 11, Ex. 18).

It therefore appears that petitioner's fifth claim of error is barred from review under the adequate and independent state ground doctrine. Petitioner, therefore, has waived the claim for purposes of federal habeas review unless he demonstrates "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. No such showing has been made in this case.

Petitioner has neither argued nor shown that failure to consider the claim will result in a "fundamental miscarriage of justice," or in other words, that the alleged error "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

He has argued in his "traverse" brief that his trial counsel's ineffectiveness in failing to consult with or advise him about his right to an appeal constitutes "cause" for his procedural default in failing to file a timely appeal. (Doc. 12, pp. 5-6). Ineffective assistance of counsel may constitute "cause" sufficient to overcome a state procedural bar. *See, e.g. Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citing *Murray,* 477 U.S. at 488-89). However, in order to constitute "cause," such claim must have been fairly presented to the state courts, and it cannot itself be procedurally defaulted. *Id.* at 452-53.

Here, to the extent petitioner even presented the ineffective assistance of trial counsel claim to the Ohio Court of Appeals as "cause" for his delay in filing the second motion for delayed appeal, *see supra* p. 4 n.2 & p. 8 n.3, he procedurally defaulted the claim by failing to raise it as a justification for his delay in filing his first motion for delayed appeal in February 2007. In any event, as discussed above, the undersigned finds that the excuse given at such a late juncture and in direct contradiction to petitioner's affidavit in support of his first delayed appeal motion lacks credibility and fails to explain the nearly eight-month delay in filing after petitioner's first delayed appeal motion was denied in August 2007.

In the absence of a showing of "cause" for petitioner's procedural default, the undersigned therefore concludes that petitioner has waived the claim

challenging the validity of his guilty plea that he seeks to add as fifth ground for relief in his "traverse" in reply to respondent's motion to dismiss.

Accordingly, in sum, it is **RECOMMENDED** that petitioner's remaining claims alleged in Grounds Two through Four of the habeas petition be dismissed with prejudice as plainly lacking in merit. In addition, to the extent petitioner seeks to add a fifth ground for relief in his "traverse" in reply to respondent's motion to dismiss, petitioner has waived such claim due to his procedural default in the state courts.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion "for stay of proceedings pending appeal presently before Ohio Supreme Court" (Doc. 9) be **DENIED** as moot.

2. Respondent's motion to dismiss the petition on the ground that petitioner has failed to exhaust an available state court remedy (Doc. 11) be **DENIED**.

3. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED** with prejudice, as well as the claim that petitioner seeks to add as a fifth ground for relief in his "traverse" in reply to respondent's motion to dismiss (*see* Doc. 12).

4. A certificate of appealability should not issue with respect to the four grounds for relief alleged in the petition, which the Court has addressed on the merits herein, because petitioner has not shown that reasonable jurists could debate whether the claims should have been resolved in a different manner or that the issues presented are "adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000), in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability also should not issue with respect to the claim that petitioner seeks to add as a fifth ground for relief, which this Court has concluded is barred from review on procedural waiver grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable

whether this Court is correct in its procedural ruling.[7]

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3|10|09

cbc

Timothy S. Black
United States Magistrate Judge

---

[7] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the fifth ground he seeks to add as a claim for habeas relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Kevan Turner,
     Petitioner

    vs.

Warden, Noble Correctional
Institution,
     Respondent

Case No. 1:08cv309
(Spiegel, S.J.; Black, M.J.)

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable

Timothy S. Black, United States Magistrate Judge, in the above-entitled action.

Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's

Report and Recommendation within ten (10) days after being served with a copy

thereof. Such party shall file with the Clerk of Court and serve on all other parties

written objections to the Report and Recommendation, specifically identifying the

portion(s) of the proposed findings, recommendations, or report objected to,

together with a memorandum of law setting forth the basis for such objection(s).

Any response by an opposing party to the written objections shall be filed within

ten (10) days after the opposing party has been served with the objections. *See*

Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the

procedure outlined above may result in a forfeiture of his rights on appeal. *See*

*Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by *( Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kevan Turner # 529 - 836<br>Noble Corr Institution<br>15708 McConnellsville Rd.<br>Caldwell, OH 43724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8388 4803 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

1:08cv309 (Doc.13)