```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

KEVAN TURNER,                    :    NO. 1:08-CV-00309
                                 :
    Petitioner,                  :
                                 :    **OPINION AND ORDER**
  v.                             :
                                 :
WARDEN, NOBLE CORRECTIONAL        :
INSTITUTION,                      :
                                 :
    Respondent.                  :

    This matter is before the Court on the Magistrate Judge's March 10, 2009 Report and Recommendation (doc. 13), to which no objection has been filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and therefore DENIES AS MOOT Petitioner's Motion for Stay of Proceedings, DENIES Respondent's Motion to Dismiss for Failure to Exhaust State Remedy (doc. 11), and DISMISSES Petitioner's Petition for Writ of Habeas Corpus (doc. 4).

**I.  Background**

    On September 11, 2006, Petitioner entered a plea of guilty to three felonious assault charges and a specification requiring a mandatory prison term of five years in exchange for the dismissal of remaining charges and specifications (doc. 13). On the same day, Petitioner was sentenced in accordance with the plea agreement for an aggregate prison term of eleven years (Id.). Petitioner did not timely appeal his sentence, and later sought

leave to file a delayed appeal, which the Ohio Court of Appeals denied initially and upon reconsideration (Id.). Petitioner then appealed to the Ohio Supreme Court, which summarily denied him leave to appeal on August 29, 2007 (Id.). Some eight months later, Petitioner filed a second notice of appeal and motion for leave to file delayed appeal, which the Ohio Court of Appeals denied for failure "to provide sufficient reasons for failure to perfect an appeal as of right" (Id.). Petitioner then appealed to the Ohio Supreme Court, which on October 29, 2008 summarily dismissed the appeal as "not involving any substantial constitutional question" (Id.).

Petitioner's Petition, filed on June 16, 2008, asserts four grounds for relief: 1) that he was denied due process when his lawyer would not consult with him about an appeal, 2) that he was denied due process when the appellate court denied his delayed appeal, 3) that his conviction violates the Ex Post Facto clause based on the retroactive application of the Ohio Supreme Court's Foster decision, and 4) that his sentences should have run concurrently because the offenses occurred in one instant with the same animus (Id.). Respondent filed its Motion to Dimiss the Petition, contending the Petition should be dismissed because Petitioner has failed to exhaust his state court remedies with respect to his first ground for relief (doc. 11). Petitioner filed a "traverse" in response, arguing his claims were fairly presented

to state courts, and attempted to add a fifth ground for relief: that he was denied due process when his counsel allegedly failed to advise him of the maximum penalties involved and the consequences of entering his plea (doc. 12).

**II.  The Magistrate Judge's Report and Recommendation (doc. 13)**

The Magistrate Judge first found that due to the Ohio Supreme Court's final ruling on October 29, 2008, Petitioner's "Motion For Stay of Proceedings Pending Appeal Presently Before Ohio Supreme Court," (doc. 9), is moot (Id.).  Accordingly, the Magistrate Judge recommended that such motion be denied (Id.).

The Magistrate Judge proceeded to address Respondent's Motion to Dismiss on Exhaustion Grounds (Id.).  The Magistrate Judge found no credible evidence in support of Petitioner's claim in ground one of the Petition, and recommended therefore that Respondent's motion, that would allow Petitioner to pursue a futile state post-conviction remedy for a meritless claim, be denied (Id.).  Instead, the Magistrate Judge recommended that Plaintiff's claim in ground one should be dismissed with prejudice for clearly lacking in merit (Id.).

The Magistrate Judge next addressed the balance of Petitioner's Petition, recommending that it should be dismissed because the three remaining claims plainly lack merit, and Petitioner has waived the fifth claim he seeks to add as a ground for relief (Id.).  The Magistrate Judge found the record belies

3

Petitioner's claim in ground two, and that his claim in ground three is lacking in merit due to the inapplicabilty of Foster, which the trial court did not apply in determining Petitioner's sentence (Id.). As for Petitioner's fourth ground for relief, the Magistrate Judge found it is well-settled under Ohio law that a single act involving different victims can properly result in cumulative punishments, and Petitioner's assault offenses in this matter were not allied offenses of similar import (Id.). Finally, the Magistrate Judge found Petitioner procedurally defaulted on his fifth ground for relief, and therefore such claim is barred from review under the adequate and independent state ground doctrine (Id.). In the absence of a showing of cause for Petitioner's procedural default, the Magistrate Judge concluded Petitioner has waived his fifth claim (Id.).

**III. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court notes that Petitioner failed to file any objections, and in any event, finds well-taken the Magistrate Judge's conclusions as to Petitioner's motion to stay, as to the lack of merit in Petitioner's grounds for relief, and as to Petitioner's procedural default as to his fifth ground for relief.

The Parties were served with the Report and

Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including, that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 13), DENIES AS MOOT Petitioner's Motion "For Stay of Proceedings Pending Appeal Presently before the Ohio Supreme Court" (doc. 9), DENIES Respondent's Motion to Dismiss the Petition on the ground that Petitioner has failed to exhaust an available state remedy (doc. 11), and DISMISSES with prejudice Petitioner's petition for a writ of habeas pursuant to 28 U.S.C. § 2254 (doc. 4), as well as Petitioner's fifth ground for relief asserted in his "traverse" in reply to Respondent's Motion to Dismiss (doc. 12).

The Court further DECLINES to issue a certificate of appealability with respect to Petitioner's four claims alleged in the Petition, because Petitioner has not shown that reasonable jurists could debate whether the claims should have been resolved in a different manner or that the issues presented are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 323-24 (2003); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Similarly, a certificate of appealability should not issue

with respect to the claim Petitioner seeks to add as a fifth ground for relief, which the Court concludes is barred from review on procedural waiver grounds, because under the first prong of the applicable two-pronged standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and so the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a), Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: March 31, 2009       s/S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge